597 A.2d 600

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**E. Vincent MONICA, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 6, 1991.

Decided Oct. 7, 1991.

Frederick W. Ulrich, Chief Deputy Public Defender, for appellant.

Julia Merl, Kathy G. Wingert, Deputy Dist. Attys., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

The issue presented in this appeal is whether the trial court erred in allowing Appellant Vincent Monica to proceed *pro se* without conducting a colloquy to determine if he sought to waive his right to counsel. Because the trial court failed to ascertain from Appellant whether he knowingly, voluntarily and intelligently waived his right to counsel, we reverse the order of the Superior Court which affirmed the judgment of sentence and remand to the trial court for a new trial. 393 Pa.Super. 638, 564 A.2d 1006.

On March 11, 1987, Corporal Robert Titler of the Pennsylvania State Police stopped Appellant on Route 443 for following too close and driving too fast. At that time, Appellant was unable to supply his operator's license or any

vehicle registration information when requested to do so by the state police officer.

Subsequently, Corporal Titler obtained a copy of Appellant's driving record from the Department of Transportation. Based upon that record, a criminal complaint was issued and sent to Petitioner charging him with driving under suspension as a second or subsequent offense, 75 Pa.C.S. § 1543(a).[1]

On May 5, 1987, Appellant waived his preliminary hearing and was released on bail. Appellant was formally arraigned on July 9, 1987. Acting *pro se*, Appellant entered a plea of not guilty at the arraignment and requested a jury trial.

1. **§ 1543. Driving while operating privilege is suspended or revoked**

(a) **Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

(b) **Certain offenses.**—Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

(c) **Suspension or revocation of operating privilege.**—Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.

(2) If the department's records show that the person was under revocation on the date of violation, the department shall revoke the person's operating privilege for an additional two-year period.

(d) **Citation of appropriate subsection.**—Prior to filing a citation for a violation of this section with the issuing authority named in the citation, the police officer shall verify the basis for the suspension with the department. Upon receiving the verification, the officer shall cite the appropriate subsection of this section on the citation.

Prior to trial on August 7, 1987, a hearing was held on Appellant's motion for a jury trial. Following argument at which Appellant proceeded *pro se,* the court denied the motion. A bench trial was then conducted. The trial court found Appellant guilty. Appellant was then sentenced, pursuant to 75 Pa.C.S. § 6503, to pay a fine of two hundred dollars and to a term of imprisonment of not less than two or more than four months.[2]

After sentencing, the Commonwealth advised Appellant of his post-sentencing rights.[3] When this was accomplished, the Commonwealth in an *ex parte* proceeding requested the trial court to vacate the judgment of sentence because Appellant had not had the opportunity to file post-trial motions. The trial court then vacated the judgment of sentence.[4]

**2. § 6503. Subsequent convictions of certain offenses**

Every person convicted of a second or subsequent violation of any of the following provisions shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both:

Section 1501(a) (relating to drivers required to be licensed).

Section 1543 (relating to driving while operating privilege is suspended or revoked).

Section 3367 (relating to racing on highways).

Section 3733 (relating to fleeing or attempting to elude police officer).

Section 3734 (relating to driving without lights to avoid identification or arrest).

Section 3748 (relating to false reports).

**3.** Pa.R.Crim.P. 1123(c) specifically provides that the *trial judge, not* the *Commonwealth,* shall advise the defendant of post-verdict rights. In pertinent part the rule provides:

(c) Upon the finding of guilt, *the trial judge shall advise the defendant* on the record:

(1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein;

(2) of the time within which he must do so as set forth in paragraph (a); and

(3) that only the grounds contained in such motions may be raised on appeal.

(Emphasis added).

**4.** The record does not show that Appellant received notice of the *ex parte* proceeding.

Appellant, *pro se,* filed post trial motions. The Commonwealth then filed a motion to dismiss post-trial motions for failure to file a brief. The trial court granted the Commonwealth's motion, dismissed Appellant's post-trial motions and ordered Appellant to appear for sentencing.[5]

On January 14, 1988, Appellant, appeared *pro se* for sentencing. The trial court again sentenced him to pay a fine of two hundred dollars and to a term of imprisonment of not less than two or more than four months. The Commonwealth advised Appellant of his post-sentencing rights.[6] The trial court then immediately ordered him to

5. Contrary to Pa.R.Crim.P. 1123, the trial court dismissed Appellant's post-trial motions without either argument or hearing. This requirement is contained in the following subsection of the rule:

**RULE 1123. POST–VERDICT MOTIONS**
(a) Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument, a hearing, or both shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions that are stated specifically and with particularity may be argued or heard. If the grounds asserted do not require a transcript, neither the filing, argument, nor hearing of post-verdict motions shall be delayed for lack of a transcript of the note of testimony.

6. The sentencing transcript reveals that the trial court failed to conduct an on-the-record colloquy pursuant to Pa.R.Crim.P. 318. The record also shows that the trial court ignored Pa.R.Crim.P. 1405 by not stating on the record the reasons for the sentence imposed. Furthermore, the Commonwealth rather than the trial judge advised Appellant of his post sentencing rights. Finally, Appellant was not advised that he was entitled to be represented by counsel in preparing and litigating such motions. Pa.R.Crim.P. 1405 provides:

**RULE 1405. SENTENCING PROCEEDING**
At the time of sentencing, the judge shall:
(a) afford the defendant the opportunity to make a statement in his own behalf and afford counsel for both parties an opportunity to present argument and information relative to sentencing;
(b) *state on the record the reasons for the sentence imposed;*
(c) advise the defendant on the record:
(1) of his right to appeal and the time within which he must exercise such right and, if he is indigent, of his right to proceed in forma pauperis and to be provided free counsel;
(2) of the right to file motions challenging the propriety of the sentence (and, in the case of a plea of guilty, the validity of the plea or the denial of a motion to withdraw the plea);

begin to serve his sentence. Subsequently, Appellant filed a motion to modify sentence which was denied.

On appeal, Appellant through his appointed counsel alleged that the trial court erred in allowing him to appear *pro se* without conducting a colloquy to determine that his decision to waive his right to counsel was a knowing, voluntary and intelligent waiver. The Superior Court determined that Appellant had failed to raise this claim by way of a supplemental post-trial motion and further, that he had failed to file a brief in support of his post-trial motions with the trial court. Consequently, the Superior Court reasoned that no issue had been preserved for review. The Superior Court therefore affirmed the judgment of sentence. Superior Court memorandum opinion, p. 2.

█ As a general rule, failure to raise an issue in a criminal proceeding does not constitute a waiver where the defendant is not represented by counsel in the proceeding. See *Commonwealth v. Wilson*, 444 Pa. 433, 283 A.2d 78 (1971). This rule does not apply where the defendant knowingly and intelligently waived representation by counsel. *Commonwealth v. Strachan*, 460 Pa. 407, 409–410, 333 A.2d 790, 791 (1975). Because there is no dispute that Appellant acted *pro se* throughout his trial proceeding, we must now ascertain whether he knowingly, voluntarily and intelligently waived his right to counsel in order to determine if the rule of waiver applies.

█ In *Commonwealth v. Tyler*, 468 Pa. 193, 360 A.2d 617 (1976), where we concluded that the trial court commit-

(3) of the ten (10) day time limit within which such motions must be filed;

(4) *that the defendant is entitled to be represented by counsel in preparing and litigating such motions; and*

(5) that only claims raised in this court may be raised on appeal;

(d) require that a record of the sentencing proceedings be made and preserved so that it can be transcribed as needed. The record shall include:

(1) the record of any stipulation made at a presentence conference; and

(2) a verbatim account of the entire sentencing proceeding. (Emphasis added.)

ted reversible error by allowing appellant to proceed to trial under his own representation, without first conducting a thorough on-the-record colloquy to determine whether he knowingly and understandingly waived his constitutional right to representation by counsel, we stated:

> It is, of course, firmly established that an accused has a constitutional right to representation by counsel during trial. While an accused may waive his constitutional right, such a waiver must be the "free and unconstrained choice of its maker". *Culombe v. Connecticut,* 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961), and also must be made knowingly and intelligently, *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). To be a knowing and intelligent waiver defendant must be aware of both the right and of the risks of forfeiting that right. See *Commonwealth v. Barnette,* 445 Pa. 288, 285 A.2d 141 (1971).

468 Pa. 193, 198, 360 A.2d 617, 620. Furthermore, the presumption must always be against the waiver of a constitutional right. Nor can waiver be presumed where the record is silent. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. Thus, this Court is constitutionally bound to place the burden of proving waiver on the Commonwealth. *Commonwealth v. Norman,* 447 Pa. 217, 221–222, 285 A.2d 523, 526 (1971) (citations omitted).

 In *Commonwealth v. Bryant,* 524 Pa. 564, 571, 574 A.2d 590, 594 (1990), we noted that the procedure to be followed when a defendant seeks to waive his right to counsel is provided in Pa.R.Crim.P. 318(c) as follows:

> **(c) Proceedings Before a Judge.** When the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary and intelligent waiver of counsel.

Therefore, a trial judge must thoroughly inquire on the record into an accused's appreciation of the right to effective assistance of counsel and to represent oneself at trial, at guilty plea hearings, at sentencing and at every critical stage of a criminal proceeding. See *Commonwealth v. Baker*, 318 Pa.Super. 19, 464 A.2d 496 (1983).

 Appellant contends that he did not knowingly, voluntarily and intelligently waive his right to counsel because the trial court failed to conduct an on-the-record colloquy pursuant to Pa.R.Crim.P. 318. In fact, Appellant alleges that he requested legal assistance not only prior to trial but also during and after trial. Appellant claims his requests for legal assistance were ignored.

It is the Commonwealth's position that Appellant knowingly and voluntarily waived his right to counsel and elected to proceed *pro se*. The Commonwealth alleges Appellant applied to the public defender's office for legal representation and was found ineligible for assistance due to his financial status. Appellant then chose not to hire private counsel but instead appeared *pro se*. During trial, the Commonwealth claims that several exchanges took place between the trial court and Appellant which clearly demonstrated Appellant's knowledge of his rights, including his right to counsel, as well as the rules and regulations of the legal system. Finally, the Commonwealth argues that following conviction, Appellant was advised of his post-trial rights.

Examination of the record discloses that the trial judge failed to conduct an on-the-record colloquy to determine whether Appellant knowingly, intelligently and voluntarily waived his constitutional right to counsel. The record also establishes that during the exchanges between the trial court and Appellant which took place at trial, Appellant stated that the public defender's office and county bar association had advised him that they did not have the time or energy to spend on silly cases like his. In addition, Appellant told the trial court that he did not have money to pay a lawyer. Finally, when he was advised of his right to

counsel as part of his post-trial rights, Appellant asked for the appointment of a lawyer. N.T. 8/7/87, pp. 3, 20, 23. The trial court subsequently advised Appellant to apply to the public defender's office if he was unable to secure the services of an attorney. N.T. 8/7/87, p. 24.

Based on this record, we conclude that the trial court committed reversible error by allowing Appellant to proceed with trial under his own representation without first conducting a thorough on-the-record colloquy to determine whether Appellant knowingly and understandingly made a decision to represent himself and also to determine the validity of his waiver of the constitutional right to representation by counsel. Appellant therefore did not waive this issue which he raised before the Superior Court.

The Order of the Superior Court is reversed. The case is remanded to the Court of Common Pleas of Dauphin County for a new trial.

McDERMOTT, J., concurs in the result.