626 A.2d 614

**COMMONWEALTH of Pennsylvania**

v.

**Thomas E. SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued March 25, 1993.

Filed June 16, 1993.

Jon S. Pushinsky, Pittsburgh, for appellant.

Marjorie Fox, Asst. Dist. Atty., Waynesburg, for Com., appellee.

Before BECK, KELLY and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence following appellant's conviction for aggravated assault, simple assault, reckless endangerment, terroristic threats, carrying a firearm without a license, and possession of a weapon on school property.[1] Appellant presents the following issues on appeal:

I. DID THE LOWER COURT COMMIT A PREJUDI-CIAL ABUSE OF DISCRETION AND VIOLATE MR. SMITH'S RIGHT TO COUNSEL WHEN IT FAILED TO CONTINUE THE CASE SO AS TO PERMIT MR. SMITH TO SECURE SUBSTITUTE PRIVATE COUN-SEL, THUS COMPELLING MR. SMITH TO APPEAR PRO SE?

---

1. 18 Pa.C.S. §§ 2702(a)(1) & (4), 2701(a)(1), 2705, 2706, 6106, 912(b).

II. WAS THERE SUFFICIENT EVIDENCE OF AGGRAVATED ASSAULT WHERE NO SERIOUS BODILY INJURY WAS INFLICTED, WHERE THERE WAS NO INTENT TO CAUSE SERIOUS BODILY INJURY AND WHERE NO DEADLY WEAPON WAS USED TO CAUSE BODILY INJURY OF ANY KIND?

III. DID THE COURT COMMIT PREJUDICIAL ERROR BY IMPROPERLY RESTRICTING THE SCOPE OF MR. SMITH'S CHARACTER EVIDENCE AND BY FAILING TO PROPERLY INSTRUCT THE JURY AS TO THE WEIGHT WHICH COULD BE ASSIGNED TO SUCH EVIDENCE?

IV. WAS MR. SMITH PREJUDICED BY THE TRIAL COURT'S REFUSAL TO PERMIT HIM TO FULLY EXPLAIN THE REASONS FOR HIS CONDUCT AND IN ITS FAILURE TO INSTRUCT THE JURY AS TO THE ELEMENTS OF A JUSTIFICATION DEFENSE?

V. WERE MR. SMITH'S PRIOR COUNSEL PREJUDICIALLY INEFFECTIVE?

Appellant's Brief at 3. For the reasons that follow, we vacate judgment of sentence and remand the matter for a new trial.

The facts of this case as set forth by the trial court are as follows:

> On October 16, 1991, the defendant went to the West Greene School District administration building to see his ex-wife, Deborah Hull, with whom he has had a longstanding dispute. Upon confronting Mrs. Hull, a physical confrontation took place whereby the defendant grabbed the victim by the hair of her head, pointed a .25 caliber pistol toward her head and face, and threatened to shoot her in the various parts of her anatomy, and further, threatened to kill her. The defendant was charged with aggravated assault, simple assault, recklessly endangering another person, terroristic threats, possession of a weapon on school property, and carrying a firearm without a license.

Opinion, Grimes, J., 9/29/92 at 1.

On March 9, 1992, appellant's trial counsel, Phyllis Jin, filed a motion to withdraw as counsel, citing irreconcilable differ-

ences with appellant; the trial court denied the motion. On April 23, 1992, Ms. Jin again moved to withdraw from representing appellant. Appellant also vehemently sought the withdrawal of Ms. Jin and a continuance in order to retain new counsel.[2] The court, however, denied that motion and entered an order stating

> AND NOW, this 23rd day of April, 1992, upon hearing the motion of counsel for the defendant to withdraw from the case, that motion is denied to the extent that if the defendant desires to not have Ms. Jin actively represent him, that defendant shall be given the opportunity to defend himself to the extent that he desires to do so, consistent with the rules of the Supreme Court of Pennsylvania and the rules of evidence in the Commonwealth, and that counsel of record shall remain with the defendant so that the defendant may call on counsel to represent him in the event he chooses to do so.

N.T. 4/23/92 at 20.

Trial proceeded with appellant conducting his own defense and Ms. Jin remaining in the courtroom as standby advisory counsel. We find no indication in the record that appellant ever consulted with Ms. Jin or that Ms. Jin assisted appellant in any way during trial. On April 24, 1992, a jury convicted appellant of all charges. On May 4, 1992, appellant, through new counsel, Samuel Pangburn, filed a motion in arrest of judgment and for a new trial. The motion alleged, *inter alia,* that the evidence was insufficient to convict appellant, that the court erred in failing to grant a continuance so that appellant could obtain new trial counsel, and that trial counsel was ineffective. It appears from the record, however, that the

2. Appellant averred that he had presented Ms. Jin with the names of six individuals who could be called as witnesses and that she failed to contact any of them until the night before the trial. Ms. Jin conceded that she had discussed the witnesses with appellant the night before and that at that time she had not yet obtained any character witnesses. She explained to the court that during the conversation, appellant hung up the telephone and Ms. Jin was unsuccessful when she attempted to call appellant back because he would not answer the telephone. Additionally, she stated that after speaking with appellant, she contacted a character witness to testify on appellant's behalf. N.T. at 9, 18.

trial court never disposed of these post-trial motions.[3]   On June 18, 1992, appellant was sentenced to a term of imprisonment of not less than two years nor more than twelve years on the charge of aggravated assault.   The sentences on the remaining charges either merged for the purposes of sentencing or run concurrent to the sentence for aggravated assault. Appellant filed a pro se motion for modification of sentence which the court denied on June 30, 1992.   Represented by new counsel, Jon Pushinsky, Esquire, appellant filed this timely appeal.

Appellant first asserts that he was denied his right to counsel when the trial court compelled him to represent himself absent a valid waiver of his right to counsel.   We agree.

█   Any waiver of the right to counsel must be a knowing and intelligent decision made with full understanding of the consequences.   *See Commonwealth v. Szuchon,* 506 Pa. 228, 250, 484 A.2d 1365, 1377 (1984).   The Comment following Pa.R.Crim.P. 318 provides that the court must conduct an examination of the defendant to elicit, at a minimum, the following information on the record:

(1) That the defendant understands that he has the right to be represented by counsel, and the right to have free counsel appointed if he is indigent.

(2) That the defendant understands the nature of the charges against him and the elements of each of those charges.

(3) That the defendant is aware of the permissible range of sentences and/or fines for the offenses charged.

3.   Pursuant to an order dated May 5, 1992, the court ordered that a hearing on the post-trial motions be placed on the next argument list. However, there is no indication that such hearing was ever held. Moreover, the court failed to discuss appellant's allegation of trial errors in its opinion and only addressed his claims for modification of sentence.   In fact, in its opinion, the trial court stated that "[s]ince the defendant's only post-trial motion was for a modification of sentence, the court can only assume that no further error is being charged by the defendant."

(4) That the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules.

(5) That the defendant understands that there are possible defenses to these charges which counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently.

(6) That the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected, or otherwise timely raised by the defendant, these errors may be lost permanently.

*Id.* See also Commonwealth ex rel. McCray v. Rundle, 415 Pa. 65, 69–60, 202 A.2d 303, 305 (1964) (setting forth requirements for intelligent waiver of counsel; judge must make comprehensive examination of all circumstances under which waiver is tendered.)

In the instant case, we must determine if appellant indeed waived his right to counsel and, if so, whether the waiver was voluntary and intelligent. Preliminarily, we must determine the effect of the trial court's order denying Ms. Jin's petition to withdraw. Although the order stated that the court denied Ms. Jin's petition to withdraw, the court perceived appellant as if he were proceeding without counsel. For example, in giving preliminary instructions to the jury, the court told the jury that "Mr. Smith is unrepresented by counsel for the purposes of trial." N.T. at 26. Moreover, in its opinion denying appellant's petition to modify sentence, the court stated that "[t]he defendant was represented by counsel throughout the pre-trial proceedings but at the time of trial *stated that he wished to defend himself* since he and his lawyer had differing opinions on the proper way to present the defense." Opinion, Grimes, J., 9/29/92 at 1 (emphasis added).

This statement misrepresents what transpired in the courtroom prior to trial. Our review of the transcript of the

proceedings reveals that defendant clearly did *not* desire to represent himself. The following dialogue took place:

Court: ... you have the right to counsel. There seems to be some concern from Ms. Jin as to whether or not you wish for her to represent you in this matter.

Mr. Smith: No, I don't. I just now told her. After last night, I do not. She come to Court, had no witnesses as of last night. A week ago—the prosecution has witnesses to present their case. We need witnesses to. I gave her names of six people. We went over it for the last three days, and she did not bother to get them here, so she is not proper to represent me.

Court: Do you wish to represent yourself?

Mr. Smith: No, I'm not going to represent myself. That's why I hired a lawyer, because I did not want to represent myself.

Court: Well, Mr. Smith, the trial is going to go on, so you have a choice to either represent yourself or using your attorney.

N.T. at 4–5. The discussion continued:

Court: ... What I need to know at this point in time, do you intend to represent yourself today or do you intend to have Ms. Jin represent you?

Mr. Smith: ... No, I don't intend to have her represent me, and I don't want to represent myself.

Court: ... Well, we are going to go ahead with the trial, and Commonwealth will present their evidence.

Mr. Smith: Go ahead and do whatever you want to do, Your Honor. I can understand that, but she has not properly prepared the case. She has misused this. I'll be misrepresented by her, because you cannot have a defense if you have no witnesses. And as of last night, she called me around 9:00 or 10:00, and she had no witnesses. And we have discussed this continually, and she refused and refused to get them.

Court: Well, apparently she had her own reason for that—
N.T. at 7.

Despite this dialogue, the trial court concluded that appellant voluntarily waived his right to an attorney. By the court's actions, appellant was in fact forced to proceed without counsel. Moreover, although the trial court treated appellant as though he had waived his right to counsel, the court did not conduct the inquiry necessary to a finding of a voluntary, intelligent and knowing waiver.[4]

A similar situation was presented in *Commonwealth v. Neal*, 387 Pa.Super. 165, 563 A.2d 1236 (1989), *appeal denied*, 525 Pa. 597, 575 A.2d 564 (1990). An attorney from the public defender's office had been appointed to represent the defendant, who was indigent. An ongoing dispute between defendant and counsel led to the defendant's petition to dismiss the attorney and have another attorney appointed. The petition was presented to the court after the jury had been selected. In an in camera hearing, the following discussion took place:

THE COURT: ... Mr. Neal, what we now come down to, then is your determination to be made. If you still insist that you did not wish to be represented by Attorney Moffett, I'll honor that request. I'll tell you, however, that on the basis of what I have received here, I'm not amenable to continuing this matter or to appoint other counsel for you. I may very well appoint second counsel, someone to assist you, should you determine to proceed by yourself in this

4. Our decision is not altered by the fact that Ms. Jin remained during trial but did not participate. Pa.R.Crim.P. 318(d), entitled "Standby Counsel" provides: "When the defendant's waiver of counsel is accepted, standby counsel may be appointed for the defendant. Standby counsel shall attend the proceedings and shall be available to the defendant for consultations and advice." Here, by order of the court, Ms. Jin served in a standby capacity only.

We recognize that this court has held that where standby counsel has been appointed, the full requirements of 318(c) need not be met and it is sufficient if the court instructs the accused on those aspects of the trial for which he seeks to represent himself. *Commonwealth v. Palmer*, 315 Pa.Super. 601, 609, 462 A.2d 755, 759 (1983). In the instant case, however, unlike in *Palmer*, there was no pretrial arrangement under which the defendant would represent himself only for certain aspects of the trial.

case, which is your absolute right, of course, but I'm not going to remove Attorney Moffett from the case without your direction to do so and I'm not going to appoint someone else to represent you under these circumstances. I'll leave that to you as to what you wish to have done.

THE DEFENDANT: As I clearly stated in the letter, Your Honor, I don't have the confidence that Miss Moffett is going to represent me correctly. . . . I don't feel that she has my best interest at heart and I'm in a situation now where, as I said, I feel that I still have my rights to have pretrial motions placed and I have no knowledge of how to be able to do this in writing and I do need counsel. . . .

.   .   .   .   .

THE COURT: I'm going to honor your request, I'm going to relieve Miss Moffett of her representation in this case. It makes no sense to have her represent you if you don't have confidence in her, but I'm following up with what I just told you, I'm not going to appoint other counsel to represent you. I will attempt to locate counsel to serve in assistance to you, but it's going to be your place to try—

THE DEFENDANT: But I have no knowledge of how, Your Honor, I'm not able to defend myself . . .

*Neal* at 171–73, 563 A.2d at 1239–40. The trial court in *Neal* then dismissed the defendant's counsel from the case, directed that the defendant proceed to trial pro se, and appointed standby counsel to assist the defendant by answering questions pertaining to procedural and evidentiary matters. *Id.* at 174, 563 A.2d at 1241.

In finding that the defendant was denied his constitutional right to counsel, this court reasoned as follows:

"It is not difficult to empathize with the trial court's frustration when appellant, after a jury already had been selected, sought the dismissal of his lawyer and the appointment of new counsel. Appellant was unable to demonstrate irreconcilable differences between himself and his lawyer, and his request to replace counsel may well have been calculated to delay the trial. Under the circumstances, the trial court

would not have abused its discretion by denying appellant's request to dismiss his public defender. *The trial court committed error, however, when it excused counsel from representing appellant and forced appellant to proceed pro se. That appellant did not want to proceed pro se is clear. . . . In the face of this, it is clear that appellant did not voluntarily waive the right to be represented by counsel. Instead, he was literally forced by the court to represent himself without being apprised of the consequences and pitfalls thereof.* This, the courts have refused to countenance."

*Id.* at 178, 563 A.2d at 1242–43 (emphasis added).[5]

Likewise, in *Singer v. Court of Common Pleas, Bucks County*, 879 F.2d 1203 (3d Cir.1989), the Court of Appeals for the Third Circuit held that the defendant "did not receive, and did not waive, the effective assistance of counsel which is required by the Sixth Amendment" where an attorney was appointed on the morning of trial and the court presumed that the defendant knowingly waived his right to counsel without conducting any type of inquiry on the record. The defendant repeatedly asserted that he did not wish to represent himself and that an attorney who was appointed that morning could not effectively represent him. The trial court nevertheless refused to grant a continuance and determined that the defendant had waived his right to counsel. The Third Circuit held that the defendant made it clear that he did not want to waive the right to counsel and stated that "[t]he suggestion that his protests amounted to a waiver of counsel makes a mockery of the uses of the English language." *Id.* at 1210.

█ Instantly, we find that appellant did not tender a knowing and voluntary waiver of his right to counsel.[6] No

---

**5.** The fact that the trial court in *Neal* formally dismissed the defendant's court-appointed counsel and appointed standby counsel does not distinguish that case from the instant one in which appellant's counsel was relegated to a standby position and the court treated appellant as though he were proceeding pro se.

**6.** Although the trial court recommended to appellant that he have Ms. Jin represent him, this alone does not satisfy the comprehensive examination required for the determination of a voluntary waiver.

colloquy was conducted to inform appellant, *inter alia*, of the permissible range of punishments, possible defenses, and the danger of permanently losing his right to assert defenses and other rights if they are not raised at trial.[7]  Rather he was merely given a choice between proceeding by himself or with counsel in whom he had no confidence and who had herself filed a petition to withdraw.  Accordingly, we find that by effectively forcing appellant to proceed pro se, the trial court denied appellant his constitutionally guaranteed right to counsel.

We now address appellant's contention that the evidence was insufficient to support his conviction for aggravated assault.  Specifically, he asserts that the evidence was insufficient because no serious bodily injury was inflicted and there was no intent to cause serious bodily injury.  We disagree.

The test for reviewing a sufficiency of the evidence claim is well-settled:

> [W]hether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the [fact-finder] could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt....

*Commonwealth v. Hardcastle*, 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988) (citations omitted), *cert. denied*, 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990).  *See also Commonwealth v. Jackson*, 506 Pa. 469, 472–73, 485 A.2d 1102, 1103 (1985); *Commonwealth v. Brady*, 385 Pa.Super. 279, 282, 560 A.2d 802, 804 (1989).

18 Pa.C.S. § 2702(a), entitled "Aggravated assault," provides:

(a) Offense defined.—A person is guilty of aggravated assault if he:

---

7.  As appellant points out, the only mention of defenses was made by the prosecutor who asked appellant if his counsel had discussed various legal defenses, including justification, with him.  Appellant succinctly responded, "No," and the court never followed up with an explanation of available defenses.  N.T. at 15.

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

. . . . .

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon; ...

*Id.*

"Serious bodily injury" is defined as

[b]odily injury which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

18 Pa.C.S. § 2301.

█ Instantly, the evidence elicited at trial indicates that appellant pointed a gun at Ms. Hull with his finger on the trigger, grabbed her by the hair and pushed her to the floor. In the process, he pulled out two clumps of her hair. Although the gun was unloaded, the clip of the gun was in appellant's pocket. He threatened to shoot Ms. Hull and warned that if anyone called the police, he would return. Only when one of Ms. Hull's coworkers intervened did appellant stop his assault. We find that the above evidence was sufficient to sustain appellant's conviction for aggravated assault. *See Commonwealth v. Chance,* 312 Pa.Super. 435, 443, 458 A.2d 1371, 1374–75 (1983) (sufficient evidence of aggravated assault established when defendant pointed unloaded gun at victim who heard it click several times.); *Commonwealth v. Bond,* 261 Pa.Super. 311, 315–16 n. 2, 396 A.2d 414, 416 n. 2 (1978) (same).

For the foregoing reasons, we vacate judgment of sentence and remand the matter for a new trial.[8]

Judgment of sentence vacated.

---

**8.** In light of our resolution of appellant's first and second contentions, we need not address his remaining issues.