675 A.2d 734

**COMMONWEALTH of Pennsylvania**

v.

**James E. CAROTHERS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1995.

Filed April 22, 1996.

210

William J. Hathaway, Erie, for appellant.

Patrick M. Carey, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before TAMILIA, FORD ELLIOTT and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from a judgment of sentence[1] entered after appellant James E. Carothers was found guilty of burglary,[2] theft by unlawful taking,[3] possession of instruments of crime[4] and criminal mischief.[5] We vacate the judgment of sentence and remand for a new trial.

**1.** Appellant improperly characterizes this action as an appeal from an order denying his post-trial motions. An order denying post-sentence motions acts to finalize the judgment of sentence for purposes of appeal. Accordingly, appeal must be taken from the judgment of sentence. *Commonwealth v. Chamberlain*, 442 Pa.Super. 12, 658 A.2d 395 (1995).

**2.** 18 Pa.C.S.A. § 3502.

**3.** *Id.* § 3921.

**4.** *Id.* § 907.

**5.** *Id.* § 3304.

On February 21, 1993, police officers, responding to the reported burglary of a bar, saw an individual who was dressed in a dark, three-quarter length coat, run from the rear of the bar. While pursuing the suspect, the officers saw appellant crouching in an alley near the bar. When apprehended, appellant was wearing dark clothing, but not a coat. The officers followed tracks left by appellant in the snow and found a three-quarter length coat containing $220.00 in one, five and ten dollar denominations, a pry bar and a particle mask. The police arrested appellant and charged him with the foregoing crimes.

On February 22, 1993, the [appellant] applied for a Public Defender and was appointed counsel. The Public Defender's office then became aware that the Defendant had been employed by Erie Malleable Iron at the approximate rate of $10.00 per hour for 5½ years until June 29, 1993. Therefore, the [appellant] was required to fill out a new application on June 30, 1993, and was denied on the basis that he earned too much money between his previous job and impending unemployment compensation. Consequently, on July 1, 1993, Judge Shad Connelly granted the Public Defender's motion to withdraw as counsel. Judge Connelly also granted the [appellant's] request for a continuance of his trial in order to secure an attorney on July 13, 1993. Judge Connelly then became informed of the possibility that the appellant was ineligible for unemployment benefits and requested the Public Defender's office on August 24, 1993, to inquire into the matter further. On August 25, 1993, the Public Defender's office wrote a letter to the Defendant asking him to reapply. The appellant did reapply on September 2, 1993, but was again informed that he did not qualify because he was receiving $325.00 per week in unemployment compensation. Subsequently, Judge Connelly granted the appellant a second continuance on September 13, 1993, to the October trial term to enable the appellant to have more time to obtain an attorney. On October 15, 1993, the appellant appeared before this Court for his trial. The Defendant informed this Court that he was proceeding pro

se since he failed to secure counsel, although he was already granted two continuances that directed him to retain private counsel.

Trial court opinion dated April 17, 1995 at 1–2.

The jury found appellant guilty of burglary, theft by unlawful taking and possession of instruments of crime and the trial judge found appellant guilty of criminal mischief. After denying appellant's post-trial motions, the lower court sentenced appellant to a term of imprisonment of not less than three and one half (3½) nor more than ten (10) years and to a consecutive five year term of probation.

Appellant filed a *pro se* notice of appeal and statement of matters complained of on appeal. After filing its opinion, the trial court appointed counsel to represent appellant in this appeal. Appellant presents the following claims for our review:

I.   Whether the appellant was afforded ineffective assistance of counsel due to the failure to pursue pre-trial discovery and other pre-trial motions including a motion to suppress evidence?

II.   Whether the trial court erred in compelling the appellant to proceed to trial without the benefit of counsel and in otherwise failing to conduct a legally sufficient colloquy with the appellant to establish his voluntary and intelligent waiver of the right to counsel?

III.   Whether there was sufficient evidence presented at trial for a reasonable jury to find the appellant guilty of the charges?

Brief of Appellant at 3. We shall begin by addressing appellant's challenge to the sufficiency of the evidence.

When presented with a challenge to the sufficiency of the evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the trier of fact could have determined that all the elements of the crime have been established beyond a reasonable doubt. *Commonwealth v.*

*Hagan,* 539 Pa. 609, 613, 654 A.2d 541, 543 (1995); *Commonwealth v. Martin,* 433 Pa.Super. 280, 285, 640 A.2d 921, 923 (1994). In making this determination, we must evaluate the entire trial record and consider all the evidence actually received. *Commonwealth v. Woods,* 432 Pa.Super. 428, 432, 638 A.2d 1013, 1015 (1994), *appeal denied,* 539 Pa. 650, 651 A.2d 537 (1994). It is within the province of the fact finder to determine the weight to be accorded each witnesses' testimony and to believe all, part, or none of the evidence introduced at trial. *Commonwealth v. Molinaro,* 429 Pa.Super. 29, 33, 631 A.2d 1040, 1042 (1993).

> The facts and circumstances established by the Commonwealth "need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the jury unless the evidence 'be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.' "

*Commonwealth v. Hodge,* 441 Pa.Super. 653, 657, 658 A.2d 386, 387–88 (1995) (quoting *Commonwealth v. Sullivan,* 472 Pa. 129, 150, 371 A.2d 468, 478 (1977) and *Commonwealth v. Libonati,* 346 Pa. 504, 508, 31 A.2d 95, 97 (1943)).

■■■■ Appellant appears to challenge only the Commonwealth's identification evidence: "In considering the totality of the identification evidence connected to the appellant, the quantum of proof proffered by the Commonwealth was so weak and inconclusive that a reasonable jury could not have found the appellant guilty of the criminal charges beyond a reasonable doubt." Brief of Appellant at 14. Preliminarily, we note that a verdict may not be based wholly on inference and suspicion. *Commonwealth v. Gorby,* 527 Pa. 98, 107, 588 A.2d 902, 906 (1991). Nevertheless, the Commonwealth may rely on circumstantial evidence alone to sustain its burden of proof. *Id.; Commonwealth v. Alvarado,* 333 Pa.Super. 63, 67, 481 A.2d 1223, 1225 (1984) (circumstantial evidence, including that defendant was found inside a closed grocery store at 4:30 in the morning, the store had been ransacked, a cigarette machine had been broken, defendant was holding a trash bag filled with cigarettes, and defendant fled when approached by

the police, was sufficient to sustain burglary and criminal conspiracy convictions).

■ In this case, Officers Skonieczka and Heidt saw an individual who was wearing a dark, three-quarter length coat, run from the rear of the burglarized bar. They pursued the suspect by foot until he jumped over a fence. Officer Heidt advised other officers of the suspect's direction of travel. Two police officers then saw appellant crouching in an alley in the area Officer Heidt had described. When apprehended, appellant was wearing dark clothing, but not a coat. He was breathing heavily and perspiring. The officers followed boot tracks left by appellant in the snow and found a three-quarter length coat containing $220.00 in one, five and ten dollar denominations, a pry bar and a particle mask. Both the bar's cash register and the juke box had been pried open. Moreover, a matching particle mask was found in the trunk of a car which was parked nearby and owned by appellant's common law wife. Appellant's boot prints also led to the bar's rear entrance. Based on the foregoing, we deem appellant's challenge to the sufficiency of the Commonwealth's identification evidence meritless. *See Commonwealth v. Kale*, 331 Pa.Super. 155, 480 A.2d 291 (1984) (evidence was sufficient to support conviction for attempted burglary when police found footprints in the snow leading from the scene of the crime to the place where defendant was hiding, glass and wood fragments found in defendant's gloves and shoes matched wood and glass from a broken window of the jewelry store, and the witness stated that the window was intact just a few hours before the incident).

■ We shall next consider whether the trial court erred in directing appellant to proceed *pro se*. Pursuant to Article I, Section 9 of the Pennsylvania Constitution and the Sixth Amendment of the United States Constitution, criminal defendants have the right to dispense with counsel and to conduct their own defense. *Commonwealth v. Starr*, 541 Pa. 564, 579, 664 A.2d 1326, 1334 (1995) (citing *Faretta v. California*, 422 U.S. 806, 821, 95 S.Ct. 2525, 2534, 45 L.Ed.2d 562 (1975)).

Before a defendant may be permitted to proceed *pro se*, however, the defendant must first demonstrate that the waiver is knowing, voluntary and intelligent. *Id.* at 581, 664 A.2d at 1335. The trial court is required to make a searching and formal on-the-record inquiry to ascertain "(1) whether the defendant is aware of his right to counsel or not and (2) whether the defendant is aware of the consequences of waiving that right or not." *Id.* The judge must elicit, at a minimum, the following information:

(1) That the defendant understands that he has the right to be represented by counsel, and the right to have free counsel appointed if he is indigent.

(2) The the defendant understands the nature of the charges against him and the elements of each of those charges.

(3) That the defendant is aware of the permissible range of sentences and/or fines for the offenses charged.

(4) That the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules.

(5) That the defendant understands that there are possible defenses to these charges which counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently.

(6) That the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Comment to Pa.R.Crim.P. 318, 42 Pa.C.S.A.

The presumption must always be against the waiver of a constitutional right. Nor can waiver be presumed where the record is silent. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. Thus, this

Court is constitutionally bound to place the burden of proving waiver on the Commonwealth.

*Commonwealth v. Monica,* 528 Pa. 266, 272–74, 597 A.2d 600, 603 (1991).

■ The circumstances of this case are similar to those enumerated in *Commonwealth v. Wentz,* 280 Pa.Super. 427, 421 A.2d 796 (1980), *appeal dismissed,* 495 Pa. 616, 435 A.2d 176 (1981). In *Wentz,* appellant appeared *pro se* at his arraignment, entered a plea of not guilty and was advised by the trial court to obtain counsel. He had applied for and been denied the assistance of a public defender. On the day of trial, appellant stated that he had not obtained counsel but failed to reveal whether he had ever attempted to obtain private counsel. The trial court informed appellant that he could retain private counsel or proceed *pro se.* Appellant explained the absence of counsel by stating that he did not know any attorneys in the area. The trial court directed appellant to proceed *pro se. Id.* at 431, 421 A.2d at 798. On appeal, the Superior Court held:

> [A] criminal defendant who has been duly notified of the date of his trial, and who has been advised to obtain counsel to represent him and who, nevertheless, appears in court on the scheduled date without counsel and with no reasonable excuse for the lack thereof and no concrete plans for the obtaining of counsel has waived his right to counsel.

*Id.* at 434, 421 A.2d at 800.

In *Commonwealth v. Brown,* 327 Pa.Super. 505, 476 A.2d 381 (1984), this court distinguished *Wentz, supra.* On September 27, 1982, appellant Brown applied for public defender assistance but was deemed ineligible. Appellant appeared *pro se* before the trial court on October 28, 1992. During the ensuing colloquy, appellant advised the trial court that although he could not afford an attorney, he had been denied the assistance of the public defender. The trial court granted appellant a continuance after informing him that he could proceed *pro se* or hire a private attorney. On the date of trial, appellant claimed that he had made one attempt to hire an

attorney but again stressed that he lacked sufficient funds. Appellant proceeded to trial *pro se.*

*Id.* at 509, 476 A.2d at 382–83.

The Commonwealth, relying on *Commonwealth v. Wentz, supra,* argued that appellant had waived his right to counsel. A panel of this court distinguished *Wentz* and found that appellant, by asserting his inability to afford counsel, had presented a "reasonable excuse" for appearing without counsel. *Brown,* 327 Pa.Super. at 519–20, 476 A.2d at 388. Furthermore, the reviewing court noted the trial court's failure to conduct a colloquy into the circumstances of the waiver and remanded for a new trial. *Id.* at 520, 476 A.2d at 388.

Similarly, the appellant in this case informed the court that he was appearing for trial without counsel because, despite his technical ineligibility for a public defender, he could not afford a private attorney. As in *Brown,* we find that appellant has presented a "reasonable excuse" for appearing without counsel. Were we to end our inquiry at this point, we would enable defendants to guarantee themselves a basis for a new trial merely by asserting an inability to afford counsel, or other "reasonable excuse", and proceeding *pro se* at their first trial. To obviate such manipulation by ensuring a knowing, voluntary and intelligent waiver of counsel, the trial court must comply with the dictates of Rule 318. *Commonwealth v. Little,* 418 Pa.Super. 558, 614 A.2d 1146 (1992), *appeal denied,* 533 Pa. 608, 618 A.2d 399 (1992).

In *Little,* trial counsel filed a petition to withdraw as counsel after appellant refused to pay the requested fee. During a hearing on that petition, appellant stated that counsel's fee was unacceptable. The trial judge granted counsel's petition and continued appellant's case to enable her to obtain a new attorney. *Id.* at 565, 614 A.2d at 1149–50. At a pre-trial conference, appellant appeared *pro se,* claiming that she was unable to obtain alternate counsel. The trial court again advised appellant to obtain counsel and informed her of the trial date. Before trial, the court conducted an extensive colloquy, conforming to the requirements of Rule 318, and appellant signed a written waiver. Consequently, the trial

court ensured that appellant had effectuated a knowing, voluntary and intelligent waiver of counsel. *Id.* at 566, 614 A.2d at 1150.

Despite our review of the record certified to this court on appeal, including the notes of testimony, we have been unable to locate any pre-trial colloquy. *See Commonwealth v. Monica, supra,* 528 Pa. at 272–73, 597 A.2d at 603. Appellant in *Monica,* like the appellant in this case, applied for but was denied the assistance of a public defender because of financial ineligibility. Further, appellant in that case advised the trial court that he did not have money to pay a lawyer. Although the trial court failed to conduct an on-the-record colloquy, it allowed appellant to proceed *pro se.* Our Supreme Court ruled that the trial court erred in allowing appellant to proceed without first conducting a thorough on-the-record colloquy to determine whether appellant knowingly and understandingly waived his right to counsel. *Id.* at 274, 597 A.2d at 604.

Similarly, in *Commonwealth v. Smith,* 426 Pa.Super. 144, 626 A.2d 614 (1993), trial counsel sought to withdraw, citing irreconcilable differences with her client. Appellant agreed and requested a continuance to retain new counsel. In response, the trial court allowed appellant to choose between proceeding with counsel in whom he had no confidence and who had filed a petition to withdraw and proceeding *pro se. Id.* at 154, 626 A.2d at 619–20. Appellant explicitly stated that he did not wish to represent himself. Nevertheless, the trial court directed trial counsel to remain in the courtroom as stand-by counsel and treated appellant as though he had voluntarily waived his right to counsel. *Id.* at 146–47, 626 A.2d at 616. At no time did the court conduct a colloquy to inform appellant of the full consequences of waiver. A panel of this court found that the trial court had denied appellant his right to counsel by compelling him to represent himself absent a valid waiver. *Id.* at 154, 626 A.2d at 620.

In the instant case, the trial court claims that the following factors demonstrate appellant's knowing, voluntary and intelli-

gent waiver of counsel: appellant was advised of his ineligibility three times by the office of the public defender; appellant was granted two continuances but failed to seek or retain private counsel and appellant appeared for trial without counsel. Trial court opinion dated April 17, 1995 at 4–5. At no point did the trial judge elicit whether appellant was aware of the nature of the charges against him, the elements of each of those charges or the permissible range of potential sentences. Nor did the trial judge advise appellant of the dangers of waiver. We cannot agree that the factors cited by the trial court illustrate that defendant was aware of the consequences of waiving his right to counsel.[6] Nor shall we presume a waiver from a silent record. Accordingly, we conclude that the trial court committed reversible error by allowing appellant to proceed *pro se* without first conducting a thorough on-the-record colloquy to ascertain whether appellant knowingly and understandingly waived his right to counsel. Because our resolution of this issue results in an order for a new trial, we need not consider appellant's remaining claims.

Judgment of sentence is vacated and case is remanded for a new trial. Jurisdiction relinquished.

6. Further, we cannot agree with the trial court that our Supreme Court's decision in *Commonwealth v. Szuchon*, 506 Pa. 228, 484 A.2d 1365 (1984), *denial of post-conviction relief affirmed by*, 534 Pa. 483, 633 A.2d 1098 (1993) is controlling. The Court in that case held:

[When] a criminal defendant knowingly and intelligently refuses to take steps to secure private counsel, refuses court appointed counsel until one week before trial, refuses to cooperate with appointed counsel until several days before trial and refuses to waive his right to a speedy trial in order to allow counsel additional time to prepare a defense, that defendant "relinquishes ... many of the traditional benefits associated with the right to counsel" and must be prepared to accept the consequences of his stubborn obstinance.

*Id.* at 251, 484 A.2d at 1377. The defendant, in *Szuchon*, further hindered prosecution by misrepresenting that prison officials had denied him access to telephones, and therefore, to an attorney. Nevertheless, the trial court and appointed counsel questioned appellant Szuchon extensively and repeatedly about his comprehension of the consequences of refusing court appointed counsel and refusing to waive the right to a speedy trial. Moreover, the court informed appellant of the potential penalties for the crimes charged as well as the dangers of inadequate preparation time.