J-S49037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMILIO CONCEPCION, | |
| Appellant | No. 890 MDA 2014 |

Appeal from the Judgment of Sentence April 30, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002859-2013

BEFORE:  BENDER, P.J.E., ALLEN AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 20, 2015**

Appellant, Emilio Concepcion, appeals from the judgment of sentence entered on April 30, 2014.  We vacate and remand for resentencing.

In 2013, the Commonwealth charged Appellant with numerous violations of the Controlled Substance, Drug, Device, and Cosmetic Act, including eight counts of possession of cocaine with the intent to deliver (hereinafter "PWID").  ***See*** 35 P.S. §§ 780-101 – 780-144.  Thereafter, counsel was appointed to represent Appellant.

On January 21, 2014, the Commonwealth filed notice that, in the event Appellant was convicted of any or all of the PWID counts, it intended to seek mandatory minimum sentencing terms and fines, as provided in 18 Pa.C.S.A. § 7508(a)(3)(i) and (ii).  ***See*** 18 Pa.C.S.A. § 7508(a)(3)(i) (providing for a mandatory minimum term of three years' imprisonment and

a $10,000.00 fine where the aggregate weight of the cocaine is "at least 2.0 grams and less than ten grams" and "at the time of sentencing the defendant has been convicted of another drug trafficking offense"); 18 Pa.C.S.A. § 7508(a)(3)(ii) (providing for a mandatory minimum term of five years' imprisonment and a $30,000.00 fine where the aggregate weight of the cocaine is "at least ten grams and less than 100 grams" and "at the time of sentencing the defendant has been convicted of another drug trafficking offense"); *but see Commonwealth v. Mosley*, 114 A.3d 1072 (Pa. Super. 2015) (holding that 18 Pa.C.S.A. § 7508 is unconstitutional); *Commonwealth v. Fennell*, 105 A.3d 13 (Pa. Super. 2014) (holding that 18 Pa.C.S.A. § 7508 is unconstitutional in its entirety); *see also Commonwealth v. Hopkins*, ___ A.3d ___, 2015 WL 3949099 (Pa. 2015) (holding that numerous provisions of another, but similarly structured, mandatory minimum sentencing statute were unconstitutional under *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013) and that the unconstitutional provisions of the statute were not severable from "the remaining unoffending provisions of" the statute).

On January 31, 2014, Appellant entered an open guilty plea to corrupt organizations, criminal use of a communication facility, conspiracy, and eight counts of PWID.[1]  That same day, the trial court sentenced Appellant to

---

[1] 18 Pa.C.S.A. §§ 911(b)(4), 7512(a), and 903(a)(1), and 35 P.S. § 780-113(a)(30), respectively.

serve an aggregate term of nine to 25 years in prison and to pay an aggregate fine of $180,000.00 for the above convictions. Six out of Appellant's eight PWID convictions involved mandatory minimum prison terms under Section 7508. In addition, the trial court ordered Appellant to pay the mandatory minimum fine under Section 7508 for all eight of his PWID convictions. *See* N.T. Guilty Plea & Sentencing, 1/31/14, at 25-30. Specifically, Appellant's sentence was structured in the following manner:

- Count 1 – Corrupt Organizations: two-and-a-half to ten years in prison (to run concurrent with the sentence at Count 4);

- Count 3 – Criminal Use of a Communication Facility: one to five years in prison (to run concurrent with the sentence at Count 4);

- Count 4 – PWID (32.2 grams of cocaine): mandatory minimum sentence of five to 12 ½ years in prison and a mandatory minimum $30,000.00 fine, pursuant to 18 Pa.C.S.A. § 7508(a)(3)(ii);

- Count 5 – PWID (24 grams of cocaine): mandatory minimum sentence of five to 12 ½ years in prison and a mandatory minimum $30,000.00 fine, pursuant to 18 Pa.C.S.A. § 7508(a)(3)(ii) (to run concurrent with the sentence at Count 4);

- Count 6 – PWID (23.3 grams of cocaine): mandatory minimum sentence of five to 12 ½ years in prison and a mandatory minimum $30,000.00 fine, pursuant to 18 Pa.C.S.A. § 7508(a)(3)(ii) (to run concurrent with the sentence at Count 4);

- Count 7 – PWID (14 grams of cocaine): non-mandatory sentence of four to 12 ½ years in prison but a mandatory minimum $30,000.00 fine, pursuant to 18 Pa.C.S.A.

§ 7508(a)(3)(ii) (to run consecutive to the sentence at Count 4);

- Count 8 – PWID (11.3 grams of cocaine): non-mandatory sentence of four to 12 ½ years in prison but a mandatory minimum $30,000.00 fine, pursuant to 18 Pa.C.S.A. § 7508(a)(3)(ii) (to run consecutive to the sentence at Count 4 and concurrent with the sentence at Count 7);

- Count 9 – PWID (9 grams of cocaine): mandatory minimum sentence of three to ten years in prison and a mandatory minimum $10,000.00 fine, pursuant to 18 Pa.C.S.A. § 7508(a)(3)(i) (to run consecutive to the sentence at Count 4 and concurrent with the sentence at Count 7);

- Count 10 – PWID (9 grams of cocaine): mandatory minimum sentence of three to ten years in prison and a mandatory minimum $10,000.00 fine, pursuant to 18 Pa.C.S.A. § 7508(a)(3)(i) (to run consecutive to the sentence at Count 4 and concurrent with the sentence at Count 7);

- Count 11 – PWID (9 grams of cocaine): mandatory minimum sentence of three to ten years in prison and a mandatory minimum $10,000.00 fine, pursuant to 18 Pa.C.S.A. § 7508(a)(3)(i) (to run consecutive to the sentence at Count 4 and concurrent with the sentence at Count 7);

- Count 12 – Conspiracy: four to ten years in prison (to run consecutive to the sentence at Count 4 and concurrent with the sentence at Count 7).

N.T. Guilty Plea & Sentencing, 1/31/14, at 25-30; *see also* Guideline Sentencing Form, 2/12/14, at 1-11.

On February 6, 2014, Appellant filed a *pro se* "Motion to Modify or for Reconsideration of Sentence" – even though he was still represented by trial counsel at the time. The Berks County Clerk of Courts forwarded the

document to Appellant's attorney-of-record, the district attorney, and the trial court and notified Appellant that his *pro se* post-sentence motion had been "filed and docketed on February 6, 2014." **See** Clerk of Courts Letter, dated 2/10/14, at 1. On February 11, 2014, the trial court entered an order, declaring that a hearing on Appellant's post-sentence motion was to occur in April. Trial Court Order, 2/11/14, at 1.

In the interim, Appellant filed another *pro se* motion – entitled "Motion to Withdraw[] Guilty Plea." Within this *pro se* motion, Appellant claimed that he was entitled to withdraw his guilty plea because his trial counsel was ineffective. **See** Appellant's *Pro Se* Motion to Withdraw Guilty Plea, 2/14/14, at 1. The Berks County Clerk of Courts again filed and docketed Appellant's *pro se* motion and forwarded the document to Appellant's attorney-of-record, the district attorney, and the trial court. **See** Clerk of Courts Letter, dated 2/19/14, at 1.

On April 30, 2014, Appellant, Appellant's trial counsel, and the assistant district attorney appeared before the trial court for Appellant's post-sentence motion hearing. However, at the beginning of the hearing, Appellant's trial counsel argued that the court should permit him to withdraw because Appellant filed a *pro se* motion claiming that he was ineffective.[2]

---

[2] **But see Commonwealth v. Tedford**, 960 A.2d 1, 10 n.4 (Pa. 2008) ("a criminal defendant currently represented by counsel is not entitled to 'hybrid representation' – *i.e.*, he cannot litigate certain issues *pro se* while counsel forwards other claims"); **see also Commonwealth v. Quel**, 27 A.3d 1033, *(Footnote Continued Next Page)*

- 5 -

The trial court agreed with counsel and declared that counsel was "removed from any further responsibility in this case." N.T. Post-Sentence Motion & Resentencing Hearing, 4/30/14, at 4. The court did not appoint another attorney to represent Appellant and the court did not conduct a colloquy to determine whether Appellant knowingly, voluntarily, and intelligently waived his right to counsel. Instead, the trial court simply allowed Appellant to proceed through the remainder of the hearing *pro se*. The above-summarized events transpired as follows:

> [Assistant District Attorney]: [Appellant] entered a plea back on January 31st of 2014. Subsequent to that, Your Honor, he has filed a motion to modify or for reconsideration of sentence which was docketed on February 6th which is within the [ten] days and subsequent to that, Your Honor, he filed a motion to withdraw guilty plea which was docketed on February 14th of 2014.
>
> . . . And if I can just say for the record these two matters were filed *pro se* by [Appellant] even though he was represented by [trial counsel] at the time and is still represented by [trial counsel]. He also filed an ineffectiveness of counsel. I'm not sure when that was filed, Your Honor.
>
> Those are the three motions before Your Honor for this morning, and the Commonwealth is ready to address all three. . . .

*(Footnote Continued)* —————————

1036-1037 (Pa. Super. 2011) (explaining that an ineffective assistance of counsel claim is generally not subject to review on direct appeal; the appellant must, therefore, wait to raise the claim in a subsequent petition under the Post-Conviction Relief Act); ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002) ("as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review").

[Appellant's Trial Counsel]: With the filing of ineffectiveness of assistance motion, I don't believe that would be proper for me to continue representing [Appellant].

[Trial Court]: That's fine.

. . .

[Trial Court]: . . . [Trial counsel,] you are removed from any further responsibility in this case. Prepare a one paragraph order. You may do so, and you will be out of the case.

[Appellant's Trial Counsel]: I will do that, Your Honor. Thank you.

[Trial Court]: [Appellant,] do you want an attorney to represent you in regard to the motion that you filed?

[Appellant]: Well, I would like to go forward with the reconsideration.

[Trial Court]: You have three – basically you have two motions left.

[Appellant]: Understandable.

[Trial Court]: I don't know that your interpretation of whether or not your attorney was effective is going to be as valuable as that of another attorney who knows the legal ramifications of that particular accusation. As far as the petition to modify sentence, at this point in time, I would tell you I think you are going to need counsel for that. Do you want to proceed? I will proceed.

[Appellant]: Yes. I would like to proceed.

N.T. Post-Sentence Motion & Resentencing Hearing, 4/30/14, at 3-5.[3]

---

[3] During the post-sentence motion hearing, Appellant orally withdrew his *pro se* "Motion to Withdraw[] Guilty Plea." N.T. Post-Sentence Motion & Resentencing Hearing, 4/30/14, at 12.

Appellant then litigated the entirety of his post-sentence motion on his own behalf.

At the conclusion of the hearing, the trial court declared that Appellant's sentence was illegal because the relevant mandatory minimum sentencing statutes were unconstitutional. *Id.* at 12 (the trial court explained to Appellant: "[t]he mandatories are no longer in effect. Berks County has ruled the mandatory sentences under which [Appellant] was prosecuted are unconstitutional"). In essence, the trial court then vacated Appellant's sentence and resentenced Appellant without appointing counsel. However, during resentencing, the trial court did not alter Appellant's terms of incarceration. Rather, the trial court declared that it was resentencing Appellant "as previously sentenced," but that it was "vacating" all of the originally-imposed fines. *Id.* at 12-13. The trial court explained:

> [Trial Court]: [T]he lower end of the standard [sentencing] range [was] 25 years in jail. That's the lower end of the standard range. I think you got a good deal. I think you should have taken the original deal [offered by the Commonwealth,] which was [five to ten years in prison,] but I think you got a good deal, even with the [nine year minimum term of incarceration]. I think the fines should be reduced to zero, none of the mandatory [minimum] fines. I'm not worried about the fines and I will dictate that.
>
> [Appellant]: I was hoping you would run everything concurrent.
>
> [Trial Court]: I ran concurrent what I thought was proper to be run concurrent. Okay. Realistically you had an offer of [five] to [ten]. You said, no, I don't want that offer. I will enter an open plea. Even on the open plea, I gave you a break. Okay. It was minimal but it was a break. And you

come back and say, well, I didn't like what you did so reconsider it again. I'm not going to reconsider it again.

You have an existing prior record score of [five]. What does that mean? It means, you know, you are a criminal. You've been a criminal. Maybe you are not going to be a criminal in the future. I hope. But you've been a criminal. Now you are still a criminal. Okay. And you got to take the punishment.

[Appellant]: But you sentenced me as a second drug offense on the weight level.

[Trial Court]: The mandatories are no longer in effect. Berks County has ruled the mandatory sentences under which you were prosecuted are unconstitutional so the recommendation remains the same. But I'm talking about just standard range, not mandatories, standard range you are looking at 25 years. You've got [nine].

. . .

In consideration of [Appellant's] *pro se* motion to reconsider sentence, the [trial court] resentences [Appellant] as previously sentenced; however, with regard to Count 4, the fine is vacated. With regard to Count 5, the fine is vacated. With regard to Count 6, the fine is vacated. With regard to Count 7, the fine is vacated. With regard to Count 8, the fine is vacated. With regard to Count 9, the fine is vacated. With regard to Count 10, the fine is vacated. With regard to Count 11, the fine is vacated. By the court.

N.T. Post-Sentence Motion & Resentencing Hearing, 4/30/14, at 11-13.

Appellant was not represented during this resentencing hearing and the trial court did not appoint counsel to represent Appellant for purposes of filing a post-sentence motion or an appeal to this Court.

On May 23, 2014, Appellant filed a timely, *pro se* notice of appeal from the judgment of sentence entered on April 30, 2014.[4]  Following Appellant's notice of appeal, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  Appellant complied and filed a timely, *pro*

_____

[4] Since Appellant was represented by counsel at the time he filed his *pro se* post-sentence motion, the argument could be made that the motion constitutes a "legal nullity."  ***See Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007) (holding that a represented defendant's *pro se* post-sentence motion "was a nullity, having no legal effect"); ***but see Commonwealth v. Cooper***, 27 A.3d 994, 1007 (Pa. 2011) (*pro se* filings by represented defendants may have legal effect and are not *per se* "legal nullities").  However, in this case, the trial court scheduled a hearing on the *pro se* post-sentence motion and then granted Appellant partial relief on the motion.  ***See Cooper***, 27 A.3d at 1007 (the Supreme Court held:  "[u]nder the circumstances of this case, where the trial court ruled on the [represented defendant's] post-sentence motion and thus entered a final appealable order, we view the *pro se* appeal as merely premature, duplicative of the later counseled appeal, and subject to withdrawal or quashal on those grounds.  But . . . it definitely was not a 'nullity'").  Further, Appellant's trial counsel effectively abandoned Appellant after the January 31, 2014 sentencing.  Certainly, the Berks County Clerk of Courts forwarded Appellant's post-sentence filings to trial counsel – and trial counsel simply did nothing to preserve Appellant's post-sentence and appellate rights.  Therefore, since Appellant was effectively abandoned by counsel following sentencing, Appellant was the only individual who could have filed the post-sentence motion.  Appellant's *pro se* post-sentence motion thus did not offend the prohibition against hybrid representation and the trial court had jurisdiction to vacate Appellant's judgment and resentence Appellant on April 30, 2014.  ***See Commonwealth v. Leatherby***, 116 A.3d 73, 78-79 (Pa. Super. 2015) (holding that where the defendant "was effectively abandoned by counsel and the trial court failed to timely appoint new counsel, [the defendant's] *pro se* filing [did] not offend considerations of hybrid representation") (emphasis omitted).

*se* Rule 1925(b) statement, where he claimed that his sentence was still illegal. Appellant's *Pro Se* Rule 1925(b) Statement, 6/25/14, at 1-3.

On October 9, 2014, this Court entered an order instructing the trial court to "conduct an on-the-record inquiry to determine whether [A]ppellant desires counsel on appeal." Order, 10/9/14, at 1. Following the limited remand, the trial court determined that Appellant did, in fact, desire counsel; therefore, the trial court appointed new counsel to represent Appellant on appeal. Appellant now raises the following two issues on appeal:

> 1. Did the trial court err in failing to resentence [Appellant] without imposing the mandatory minimum jail sentence and in failing to find the drug mandatory unconstitutional?
>
> 2. Did the trial court err in allowing [Appellant] to proceed *pro se* during his post sentence motion hearing and "resentencing" on April 30, 2014, without conducting a colloquy to determine whether [Appellant] wanted to proceed *pro se* and whether [Appellant] was knowingly and intelligently waiving his right to counsel?

Appellant's Brief at 3.

We conclude that Appellant's first claim on appeal entitles him to relief. Therefore, we vacate Appellant's judgment of sentence and remand.[5]

_____

[5] Due to our disposition, we will not independently discuss Appellant's second claim on appeal. However, Appellant's second claim on appeal obviously has merit. Moreover, we note that, in opposition to Appellant's second claim on appeal, the Commonwealth argues that Appellant waived his second claim because he personally failed to object to the adequacy of the waiver-of-counsel colloquy and did not include the issue in his *pro se* Rule 1925(b) statement. The Commonwealth's argument lacks merit.
*(Footnote Continued Next Page)*

- 11 -

"Legality of sentence questions are not waivable and may be raised *sua sponte* by this Court." **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*). Further, "[i]ssues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Ali**, 112 A.3d 1210, 1225 (Pa. Super. 2015) (internal corrections omitted).

In **Apprendi v. New Jersey**, 530 U.S. 466 (2000), the United States Supreme Court held: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi**, 530 U.S. at 489. Further, in **Alleyne**, the United States Supreme Court expanded "**Apprendi's** basic jury-determination rule to mandatory minimum sentences." **Alleyne**, ____ U.S. at ___, 133 S.Ct. at 2167 (Breyer, J., concurring). Specifically, the **Alleyne** Court held that, where an "aggravating fact" increases a mandatory minimum sentence, "the fact is an element of a distinct and aggravated crime. [The fact] must,

_(Footnote Continued)_ ————————————

Appellant never knowingly and intelligently waived his right to counsel and, thus, Appellant improperly proceeded *pro se* during the post-sentence motion hearing, the resentencing, and the early stages of the appellate process. **See Commonwealth v. Monica**, 597 A.2d 600, 603 (Pa. 1991) ("[a]s a general rule, **failure to raise an issue in a criminal proceeding does not constitute a waiver where the defendant is not represented by counsel in the proceeding**. This rule does not apply where the defendant knowingly and intelligently waived representation by counsel") (internal citations omitted) (emphasis added).

- 12 -

therefore, be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2162-2163.

Therefore, under **Alleyne**, Pennsylvania's mandatory minimum sentencing statutes were generally rendered unconstitutional insofar as the statutes provided that: the "aggravating facts" contained in the statutes were not elements of the crime; notice of either the "aggravating facts" or of the applicability of the mandatory minimum sentencing statute was not required prior to conviction; the applicability of the mandatory minimum statute was to be determined at sentencing; the Commonwealth need only prove the "aggravating facts" by a preponderance of the evidence; a judge – and not a jury – was to act as the fact-finder for purposes of determining the "aggravated facts;" and, if the "sentencing court refuses to apply [the mandatory minimum sentence] where applicable, the Commonwealth shall have the right to appellate review of the actions of the sentencing court." **See**, **e.g.**, 18 Pa.C.S.A. § 7508(b) and (d). We note that the mandatory minimum sentencing statute under which the trial court sentenced Appellant was 18 Pa.C.S.A. § 7508 – and Section 7508 contains all of these unconstitutional provisions. **See**, **e.g.**, 18 Pa.C.S.A. § 7508(b) and (d). As such, this Court has held that Section 7508 is wholly unconstitutional. **Mosley**, 114 A.3d at 1072 (holding that 18 Pa.C.S.A. § 7508 is unconstitutional); **Fennell**, 105 A.3d at 13 (holding that 18 Pa.C.S.A. § 7508 is unconstitutional in its entirety).

Further, in **Commonwealth v. Hopkins**, our Supreme Court recently held that the above-summarized, unconstitutional provisions of the mandatory minimum sentencing statutes are not severable from "the remaining unoffending provisions" of the statutes. **Hopkins**, ___ A.3d at ___, 2015 WL 3949099 at 13. Thus, our Supreme Court has now held that mandatory minimum sentencing statutes such as 18 Pa.C.S.A. § 7508 are unconstitutional in their entirety.

In the case at bar, Appellant's sentence is clearly illegal since, during Appellant's original sentencing hearing, the trial court sentenced Appellant to serve six mandatory minimum terms of imprisonment under 18 Pa.C.S.A. § 7508(a)(3)(i) and (ii) and, during Appellant's resentencing hearing, the trial court simply resentenced Appellant to the terms "as previously sentenced." N.T. Post-Sentence Motion & Resentencing Hearing, 4/30/14, at 11-13. Given that the terms "as previously sentenced" consisted of six now-unconstitutional mandatory minimum sentences, we conclude that Appellant's current sentence is illegal.[6] We therefore vacate Appellant's judgment of sentence and remand for resentencing.

_____

[6] The Commonwealth claims that, **if**, during resentencing, the trial court had chosen to impose a standard range sentence for all of the convictions and **if** the trial court had then run all of the sentences consecutively to one another, Appellant would have received an aggregate sentence of 26.5 years in prison. Thus, the Commonwealth claims, Appellant's nine to 25 year aggregate term of imprisonment was "well within the permissible standard range for sentencing" and not illegal. Commonwealth's Brief at 12-13. This argument fails, as it is based upon a hypothetical scenario that did not
*(Footnote Continued Next Page)*

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/20/2015

---

*(Footnote Continued)* ─────────────

actually occur. The fact remains that the trial court originally sentenced Appellant to serve six mandatory minimum terms of imprisonment pursuant to an unconstitutional statute and the trial court then resentenced Appellant to serve the terms "as previously sentenced." N.T. Post-Sentence Motion & Resentencing Hearing, 4/30/14, at 11-13. Thus, at resentencing, the trial court, in fact, sentenced Appellant to serve the same six unconstitutional mandatory minimum terms of imprisonment.