J-S13036-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DOUGLAS AKINS, | : | |
| | : | |
| Appellant | : | No. 1356 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 5, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-MD-0000499-2018

BEFORE:  BENDER, P.J.E., OTT, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:  FILED: May 24, 2019

Douglas Akins (Appellant) *pro se* appeals from the judgment of sentence of 45 days to 6 months of incarceration entered after Appellant was found guilty of indirect criminal contempt (ICC) for violating a protection from abuse (PFA) order.[1]  Upon review, we vacate Appellant's judgment of sentence and remand for a new trial with instructions.

We provide the following background.  On September 12, 2017, a final PFA order was entered against Appellant, protecting Appellant's wife, T.E., for a three-year period.  On August 24, 2018, an ICC complaint was filed against Appellant for violating that PFA order due to contact he had with T.E. following the entry of the PFA order.  On September 5, 2018, Appellant appeared *pro se* for his ICC hearing.  On the record, the Commonwealth

---

[1] **See** PFA Act, 23 Pa.C.S. §§ 6101-6122.

* Retired Senior Judge assigned to the Superior Court.

advised Appellant of, *inter alia*, his right to counsel. N.T., 9/5/2018, at 3. The record does not indicate that Appellant waived his right to counsel, although Appellant proceeded *pro se*. At the hearing, Appellant orally moved to dismiss the ICC charge because the District Attorney did not approve the complaint and the issuing authority did not sign the complaint or affidavit. *Id.* at 6-7. Officer Aaron Hill of the Erie Police Department testified to the procedure he followed in filing the underlying complaint. *Id.* at 8-10. The trial court advised Appellant that the motion should have been submitted before the hearing via a written motion, but the trial court accepted the oral motion and denied it. *Id.* at 11.

Appellant proceeded to a nonjury trial on the ICC charge. The Commonwealth called T.E. and Officer Hill as witnesses. Specifically, T.E. testified that on July 16, 2018, Appellant pushed his way into T.E.'s home, smashed a cake on the floor, pushed T.E., threatened to kill her if she called the police, and fled. *Id.* at 13, 15-17. Officer Hill testified that he responded to the scene, and T.E. relayed what had occurred. Officer Hill observed cake outside and on the floor of the apartment, and T.E.'s being frustrated and scared. *Id.* at 19-20. Appellant also testified, claiming that he was not at T.E.'s house that day. *Id.* at 17-18. At the conclusion of the trial, Appellant was found guilty of ICC and sentenced as indicated *supra*.

On September 7, 2018, Appellant *pro se* filed a motion for writ of *habeas corpus*, which the trial court denied on September 14, 2018.

- 2 -

On September 20, 2018, Appellant *pro se* filed the instant notice of appeal.[2]  On appeal, Appellant claims that the trial court erred in denying his oral motion to dismiss.  Appellant's Brief at 6.  Before we reach the issues raised by Appellant, we address *sua sponte* whether Appellant's right to counsel was satisfied.[3]

---

[2] Appellant was not ordered by the trial court to file a Pa.R.A.P. 1925(b) statement, and he did not file one.  In its two-sentence Pa.R.A.P. 1925(a) opinion, the trial court states that it "relies on Rule 513(B)(1), (2), and (3) of the Pennsylvania Rules of Criminal Procedure to address the issues of the Appellant's appeal."  Trial Court Opinion, 11/8/2018.  Appellant's sole claim on appeal is that the trial court erred in denying his motion to dismiss, which was based on a claim that the District Attorney did not approve the complaint and the issuing authority did not sign the complaint or affidavit.  This Court does not find that a cursory citation to rules regarding the issuance of arrest warrants satisfies the trial court's duty to provide the reasons for the ruling complained of.  **See** Pa.R.A.P. 1925(a)(1).

[3] We are mindful that typically courts may not raise issues *sua sponte*. **Commonwealth v. Colavita**, 993 A.2d 874, 891 (Pa. 2010) ("[C]ourts generally should not act *sua sponte* to raise claims or theories that the parties either did not raise below or failed to raise in their appellate pleadings."); **In re Estate of Tscherneff**, 203 A.3d 1020, 1027 n.3 (Pa. Super. 2019) ("There are a few discrete, limited non-jurisdictional issues that courts may raise *sua sponte*.").  However, satisfaction of a party's right to counsel, however derived, is an issue this Court routinely addresses *sua sponte*.  **See Commonwealth v. Johnson**, 158 A.3d 117, 121 (Pa. Super. 2017) (holding that "this Court has a duty to review whether [Johnson] properly waived his right to counsel prior to his suppression hearing even though [Johnson] has not asserted this issue on appeal"); **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) (holding *sua sponte* that "where an indigent, first-time PCRA petitioner was denied his [rule-based] right to counsel - or failed to properly waive that right - this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake"); **see also In re Adoption of L.B.M.**, 161 A.3d 172, 183 (Pa. 2017) (Opinion Announcing the Judgment of the Court, with five Justices joining this section) ("Whether the right to counsel is conferred by

*(Footnote Continued Next Page)*

- 3 -

> A charge of [ICC] consists of a claim that a violation of an Order or Decree of court occurred outside the presence of the court. Where a PFA order is involved, an [ICC] charge is designed to seek punishment for violation of the protective order. As with those accused of any crime, one charged with [ICC] is to be provided the safeguards which statute and criminal procedures afford.

*Commonwealth v. Brumbaugh*, 932 A.2d 108, 110 (Pa. Super. 2007) (citations and quotation marks omitted). One such safeguard when an ICC charge is based upon a violation of a PFA order is a statutory right to counsel.[4] *See* 23 Pa.C.S. § 6114(b)(3) ("The defendant shall not have a right to a jury trial on a charge of ICC. However, the defendant shall be entitled to counsel."); *accord Commonwealth v. Ashton*, 824 A.2d 1198, 1203 (Pa. Super. 2003) (including "the assistance of counsel" as one of the procedural safeguards for defendants charged with ICC).

Based on the foregoing, we will address whether Appellant's right to counsel was violated when he proceeded *pro se* at trial. When a defendant

_(Footnote Continued)_ ───────────

constitution or statute, the right having been conferred must be protected.").

[4] Whether a defendant charged with ICC also has a constitutional right to counsel at all stages of the contempt proceedings is less clear. In *Commonwealth v. Moody*, 125 A.3d 1, 14 (Pa. 2015), our Supreme Court examined the trajectory of several United States Supreme Court and Pennsylvania cases regarding the right to counsel in non-felony cases to determine when the Sixth and Fourteenth Amendment right to counsel attaches in direct criminal contempt cases. Although the Court briefly and indirectly discussed the right to counsel in ICC cases as a point of comparison, no recent case has analyzed directly and thoroughly the nuances of such a right in the ICC context. Because we raise this issue *sua sponte*, and the constitutional right to counsel is not necessary to our holding here today, we decline to engage in such an analysis at present.

seeks to waive the right to counsel in a criminal proceeding before a judge after the preliminary hearing, "the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel." Pa.R.Crim.P. 121(C). "Failing to conduct an on[-]the[-]record colloquy pursuant to Rule 121(C) before allowing a defendant to proceed *pro se* constitutes reversible error." *Johnson*, 158 A.3d at 121. "In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." *Commonwealth v. Houtz*, 856 A.2d 119, 123 (Pa. Super. 2004). "[W]aiver [cannot] be presumed where the record is silent. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Commonwealth v. Monica*, 597 A.2d 600, 603 (Pa. 1991).

Rule 121(A)(2) provides as follows regarding a sufficient waiver.

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2).

In the instant case, at the beginning of Appellant's ICC hearing, the Commonwealth summarily advised Appellant of his right to counsel in the middle of a list of several other rights. However, the record does not contain an on-the-record colloquy confirming that Appellant knowingly, voluntarily, and intelligently waived his right to counsel pursuant to Rule 121. Therefore, we conclude that the trial court erred by not conducting an on-the-record colloquy that comported with Rule 121.

Accordingly, because Appellant was deprived of his statutory right to counsel, we vacate Appellant's judgment of sentence and remand for the appointment of counsel, or a full waiver colloquy, and a new trial.[5] ***See***

---

[5] In light of our disposition, we do not reach Appellant's claims on appeal.

***Johnson***, 158 A.3d at 123 (vacating and remanding for a new suppression hearing and new trial).

Judgment of sentence vacated. Case remanded for new trial with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2019