J-A18021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN DAVID HOOD | : | |
| | : | |
| Appellant | : | No. 758 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 25, 2021
In the Court of Common Pleas of Erie County
Criminal Division at CP-25-CR-0001621-2018

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.:                **FILED: SEPTEMBER 7, 2022**

John David Hood (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of arson, recklessly endangering another person, institutional vandalism, disorderly conduct, and criminal mischief.[1]  After careful review, we vacate and remand with instructions.

On April 9, 2018, Pennsylvania State Police Trooper Samuel Laureto filed a criminal complaint alleging that Appellant started a fire in his cell at SCI Albion in Erie County.  On May 5, 2018, the trial court attempted to conduct a waiver of counsel hearing with Appellant.  ***See*** N.T. (Waiver Hearing), 5/5/18.  The trial court found Appellant was not "capable of a knowing and intelligent right to counsel [*sic*], so we're not going to proceed with that." ***Id.***

---

[1] ***See*** 18 Pa.C.S.A. §§ 3301(c)(1), 2705, 3307(a)(1), 5503(a)(4), 3304.

at 4. The trial court ordered a mental health evaluation of Appellant. *Id.* at 5.

On July 17, 2018, the Commonwealth filed a criminal information against Appellant. The trial court appointed the public defender's office to represent Appellant as standby counsel on March 5, 2019. On May 9, 2019, the trial court conducted a competency status conference with Appellant and his standby counsel from the public defender's office, Patricia J. Kennedy, Esquire (Attorney Kennedy). *See* N.T., (Competency), 5/9/19. Attorney Kennedy indicated Appellant was found not competent following a May 1, 2019, mental health evaluation. *Id.* at 2. The Commonwealth agreed Appellant was not competent "for purposes of proceeding to trial." *Id.*

Similarly, at a July 17, 2020, status conference, the trial court recognized the need for a hearing "to determine whether or not [Appellant is] competent to stand trial." N.T. (Status Conference), 7/17/20, at 2. Appellant, assisted by standby counsel, demanded to proceed to trial. *Id.* at 3. Despite the lack of a competency determination, the Commonwealth presented a plea offer to Appellant. *Id.* at 4. The trial court repeatedly asked Appellant whether he would agree to the plea offer. Appellant refused, and repeated his desire to proceed to trial. *Id.* at 6.

On October 30, 2020, Appellant appeared for a competency hearing, with Attorney Kennedy as standby counsel. *See* N.T. (Competency), 10/30/20. The trial court attempted to explain to Appellant the charges

against him, as well as his right to a jury trial. *See id.* at 3. When asked if he understood the charges, Appellant responded, "No. I don't." *Id.* Appellant denied discussing the charges with standby counsel, and demanded to proceed to trial. *Id.* at 4-5. When asked if he wanted an attorney, Appellant responded, "As I said, I don't feel that I'm guilty." *Id.* at 4. Appellant also stated he was taking Zyprexa. *Id.* at 5. The trial court repeatedly — but unsuccessfully — attempted to explain the charges to Appellant. *Id.* at 6-9. Standby counsel informed the court that while Appellant was found incompetent to stand trial after one examination, he was found to be competent following another examination. *Id.* at 10. The trial court ultimately directed that Appellant undergo another mental health examination. *Id.*

On February 19, 2021, Appellant, with Attorney Kennedy as standby counsel, appeared by video for a plea hearing. *See* N.T. (Plea Hearing), 2/19/21. Initially, Appellant attempted to argue the facts of his case. *Id.* at 3-4. The Commonwealth advised Appellant that his words could be used against him. *Id.* at 5. Appellant nonetheless repeated his claims of innocence. *Id.* at 6. As the trial court began the plea proceedings, Appellant demanded a nonjury trial. *Id.* at 9. The following exchange occurred between the Appellant and the trial court:

> THE COURT: Now, I know you have standby counsel now. Do you want a Public Defender appointed for you as counsel or are you satisfied with standby counsel now?

[Appellant]: I'm satisfied with standby. I want my hearing done right now.

THE COURT: We're not going to go to trial right now. We're not prepared for trial right now. If you're willing to go with standby counsel as it stands now, what we have to do is -- That would be the first thing, okay? We've solved that issue. You'll have standby counsel.

The second issue would be if you want a jury trial, you have to come to Erie. If you want a nonjury trial, we can do it like this with a video. I would be here, you would be there, your counsel would be here, standby, and they would have to call the witnesses, and we can do that. We would have to set of a time for that. I'm not sure what the date will be now, but if that's what you're asking for, we can do it that way.

[Appellant]: That's my request.

*Id.* at 11. Although the Commonwealth asserted Appellant would have to apply for a public defender, the trial court indicated it would schedule Appellant's trial. *Id.* at 12-13. Two days later, the trial court entered an order finding Appellant competent to stand trial, "upon review of the competency evaluation on October 25, 2019, and following hearings on October 30, 2020, and February 19, 2021, wherein the Court observed the [Appellant]." Trial Court Order, 2/22/21.

Two months later, the case proceeded to a non-jury trial. Appellant appeared *pro se*, with the assistance of standby counsel. *See* N.T. (Trial), 4/19/21, at 3. The trial court ultimately convicted Appellant of the aforementioned crimes. *Id.* at 31. On June 25, 2021, the trial court sentenced Appellant to an aggregate 30 - 60 months of incarceration, to be served consecutive to any sentence Appellant was then serving. Appellant

- 4 -

timely filed a *pro se* notice of appeal and motion for appointment of counsel. On July 15, 2021, the trial court appointed the public defender's office to represent Appellant. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two issues for review:

1. Did the trial court err by never conducting a sufficient *pro se* waiver colloquy upon the determination that Appellant regained competency?

2. Did the trial court commit an abuse of discretion and/or error of law when it permitted Appellant to proceed to trial via videoconference?

Appellant's Brief at 7.

Appellant first argues the trial court erred by failing to conduct a sufficient *pro se* waiver of counsel colloquy after determining Appellant had regained competency. *Id.* at 18. Specifically, Appellant claims the court failed to conduct a waiver of counsel colloquy in accordance with Pa.R.Crim.P. 121. *Id.* at 20. Appellant asserts he was incompetent at the May 5, 2018, hearing, and although the trial court arguably made several of the inquiries required by Rule 121, the court "did not comply with the minimum, mandatory requirements of Rule 121[.]" *Id.* at 21-23. Therefore, Appellant argues he did not knowingly, voluntarily, and intelligently waive his right to counsel. *Id.* Upon review, we agree.[2]

_____

[2] Because of our resolution of this first issue, we need not address Appellant's second issue.

We review a trial court's ruling on a defendant's request to proceed *pro se* for an abuse of discretion. ***See Commonwealth v. El***, 977 A.2d 1158, 1167 (Pa. 2009) ("A request to take on one's own legal representation after meaningful proceedings have begun does not trigger the automatic constitutional right to proceed *pro se*. The decision instead is left to the sound discretion of the trial court.").

The Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution provide a criminal defendant with the right to counsel. ***Commonwealth v. Lucarelli***, 971 A.2d 1173, 1178 (Pa. 2009). "Deprivation of these rights can never be harmless." ***Commonwealth v. Phillips***, 93 A.3d 847, 851 (Pa. Super. 2014) (citation omitted). "The constitutional right to counsel may be waived, but this waiver is valid only if made with knowledge and intelligence." ***Id.*** (citation omitted). "It is the responsibility of the trial court to ensure that a colloquy is performed if the defendant has invoked his right to self-representation." ***Commonwealth v. Johnson***, 158 A.3d 117, 121 (Pa. Super. 2017).

> "In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." [***Commonwealth v.***] ***Payson,*** [723 A.2d 695,] 700 [(Pa. Super. 1999)] (citing ***Commonwealth v. Starr***, 541 Pa. 564, 664 A.2d 1326 (1995)).
>
> Moreover,
>
> > The presumption must always be against the waiver of a constitutional right. Nor can waiver be presumed where the record is silent. The record must show, or there must be an allegation and evidence which shows, that an accused was

> offered counsel but intelligently and understandingly rejected the offer.
>
> > **Payson**, **supra** at 700 (quoting **Commonwealth v. Monica**, 528 Pa. 266, 273, 597 A.2d 600, 603 (1991)).  Thus, for this Court "to uphold such a waiver, the record must clearly demonstrate an informed relinquishment of a known right."  **Payson**, **supra** at 700 (citing **Commonwealth v. Hill**, 492 Pa. 100, 422 A.2d 491 (1980)).

**Phillips**, 93 A.3d at 851-52.  Further, "[a]ny shortcoming relative to this colloquy cannot be gauged to the quality of an accused's self-representation nor justified on the basis of his prior experience with the system."  **Payson**, 723 A.2d at 704.

"When the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel."  Pa.R.Crim.P. 121(C).  Rule 121, which governs waiver of the right to counsel, provides:

> To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:
>
> > (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
> >
> > (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
> >
> > (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2). *See also Commonwealth v. Stossel*, 17 A.3d 1286, 1289 (Pa. Super. 2011); *Commonwealth v. Robinson*, 970 A.2d 455 (Pa. Super. 2009). The trial court must also inquire "about the defendant's age, educational background, and basic comprehension skills." *Phillips*, 93 A.3d at 853 (citing Pa.R.Crim.P. 121(C)). This Court reviews "the totality of the relevant circumstances **only after** we decide the trial court has met the minimum requirements of Rule 121, to determine whether the defendant's waiver of the constitutional right to counsel was a knowing, voluntary, and intelligent waiver." *Id.* at 854 (emphasis added).

Here, our review of the totality of the circumstances includes the waiver of counsel hearing, where the trial court conducted the following inquiry:

THE COURT: Sir, your name?

[Appellant]: Fifty.

THE COURT: Fifty.

[Appellant]: Yeah.

THE COURT: What's that? Is that your age or your name?

[Appellant]: The general. The general, Fifty.

THE COURT: Well, I've got your name here as John Hood; is that correct?

[Appellant]: Fifty. The general.

THE COURT: All right. So you're not John Hood.

[Appellant]: Fifty. The general.

THE COURT: All right. Well, I believe, sir, we have some mental health issues here. You don't - -

[Appellant]: At least I don't think I'm crazy.

THE COURT: Well, sir, I don't know if you're crazy, but you may have some issues - -

[Appellant]: Many a men reached up for (unintelligible). See, the cops didn't know much when Tupac got shot. I got a kite at the pen that said Biggie Smalls got shot. Yeah, I shot Skylar Rock (phonetic) from New York. Many men reached up for (unintelligible).

THE COURT: All right.

[Appellant]: I am the general. Me, I hold the Quran, respect it or check it, [deleted].

THE COURT: All right. Well, sir, **I don't think you're capable of doing a –**

[Appellant]: Capable of what?

THE COURT: **A right to counsel waiver**.

[Appellant]: I don't have to waive no counsel. I told you, I'm fifty, the general.

THE COURT: Understand, sir, but you have a right to an attorney.

[Appellant]: I don't need no cheerleaders.

THE COURT: No, you don't need a cheerleader, but you need an attorney possibly or else you can go by yourself.

[Appellant]: I got a parole agent.

THE COURT: You've got a parole agent as well.

[Appellant]: Yeah, what you got? Who's going to help you? Who's your god?

THE COURT: I've got a robe on.

[Appellant]: You've got a robe, well take it off and I'll show you that I got a 13 inch snake on.

THE COURT: All right. Well, sir, here's the problem, are you -- do you want a lawyer or not for your attorney -- for your trial?

[Appellant]: What I tell you, I got a parole agent.

THE COURT: All right, but that won't be your attorney.

[Appellant]: Like I said, I got a parole agent.

THE COURT: All right.

[Appellant]: And this is trial right now. And I plead guilty to two life sentences, life after death.

THE COURT. All right.

[Appellant]: And this is fifty. The ghetto Quran Bible.

THE COURT: All right. Well, let me put on the record, sir, **I don't believe you're capable of a knowing and intelligent right to counsel waiver, so we're not going to proceed with that**.

N.T., 5/5/18, at 2-4 (emphasis added). The trial court ordered a mental evaluation of Appellant. *Id.* at 4-5. The court also appointed Attorney Kennedy as standby counsel.

Appellant subsequently requested a plea hearing. However, at the hearing, the trial court and Appellant engaged in the following exchange:

> THE COURT: This is the time set for the plea of [Appellant]. [Appellant], **I understand you want an attorney at this point? You want a Public Defender appointed for you?**
>
> [Appellant]: No, I want my hearing right now. The counsel that had it — the lady standing by, she said that I had a nonjury trial. I can have it done by video. That's what she told me.
>
> [Attorney Kennedy]: Judge –
>
> THE COURT: Here's what you can have, you can have a nonjury trial by video when we set one up rather than being transported here. You know, if you're going to be here for a trial, you would have to be here in Erie County. So I think that's what she was saying. If you want a nonjury trial, that would be possible and you would probably be able to attend like you're attending now. I think that's what your standby counsel was telling you, but you have a right to a jury trial.
>
> [Appellant]: I am requesting from another judge — from the other Judge it stated that from the 8th to the 19th, it's the trial subpoena.
>
> THE COURT: Understood.
>
> [Appellant]: Today is the 19th, so my hearing should be done today. I want my hearing done today to end this. I want to end this right now, today.
>
> [Attorney] Kennedy: He –
>
> [Appellant]: I felt that I'm not guilty.
>
> THE COURT: Hold on one second.

- 11 -

. . .

THE COURT: Sir, what you can do – first of all, do you want a Public Defender?

[Appellant]: You can see it right here, if you can see it.

THE COURT: I got it.

[Appellant]: Right here you'll see it tells me not to contact the DA. It tells me not to contact the DA. That's what it says on the trial subpoena.

THE COURT: Probably because they think you're represented by counsel. That's why. They probably wanted your counsel to contact them. **Now, I know you have standby counsel now. Do you want a Public Defender appointed for you as counsel or are you satisfied with standby counsel now?**

[Appellant]: **I'm satisfied with the standby. I want my hearing done right now.**

THE COURT: We're not going to go to trial right now. We're not prepared for trial right now. **If you're willing to go with standby counsel as it stands now, what we have to do is - - that would be the first thing, okay? We've solved that issue. You'll have standby counsel.**

The second issue would be if you want a jury trial, you have to come to Erie. If you want a nonjury trial, we can do it like this with a video. I would be here, you would be there, your counsel would be here, standby, and they would have to call the witnesses, and we can do that. We would have to set up a time for that. I'm not sure what the date will be now, but if that's what you're asking for, we can do it that way.

[Appellant]: That's my request.

THE COURT: That's your request?

[Appellant]: That's my request. As I was saying, that's my request.

N.T., 2/19/21, at 8-11 (emphasis added).

- 12 -

The above exchange from the plea hearing, in conjunction with notes of testimony from the May 5, 2018 waiver of counsel hearing, indicate the trial court did not satisfy the minimum requirements of Rule 121. **Phillips**, 93 A.3d at 854. Although the trial court made some of the Rule 121 inquiries, the colloquy was not complete. For example, the court did not ensure Appellant understood the nature of the charges, the elements of each charge, or the permissible range of sentences for the charges. **See** Pa.R.Crim.P. 121(A)(2)(b)-(c). Also, the court did not inform Appellant there were possible defenses which would be lost permanently if not raised, and rights that would be lost permanently if not raised. **See id.** With these deficiencies, we cannot conclude Appellant knowingly and intelligently waived his right to counsel.

We are thus constrained to vacate Appellant's conviction and judgment of sentence, and remand for a new trial. **See Phillips**, 93 A.3d at 855 (vacating judgment of sentence and remanding for further proceedings where trial court failed to meet minimum requirements of Rule 121). If Appellant seeks to proceed *pro se*, the trial court shall conduct a waiver of counsel colloquy in accordance with Pa.R.Crim.P. 121(A)(2)(a)-(f) and (C). If Appellant invokes his right to counsel, the trial court shall confirm Appellant is eligible for *in forma pauperis* status and the appointment of counsel.

Judgment of sentence vacated. Case remanded for further proceedings consistent with this decision. Superior Court jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2022